UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PEDRO BECERRA ELDIFONSO,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-02455-TLF

ORDER GRANTING PETITION FOR HABEAS CORPUS

Petitioner, Pedro Becerra Eldifonso, is a 71-year-old citizen of Mexico. Dkt. 1 (Petition) at 2, 5; Dkt. 10 (Deportation Officer ("DO") Declaration) at 2. He is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at 4; Dkt. 10 at 2. He petitions for a writ of habeas corpus under 8 U.S.C. § 2241. Dkt. 1.

Petitioner challenges the due process he received at his bond hearing, arguing the Immigration Judge ("IJ") abused her discretion when finding he was both a flight risk and danger to the community. *E.g.*, Dkt. 1 at 11.

For this hearing, respondents' only evidence was a I-213 Form. Dkt. 1-2 at 3; Dkt. 10 at 3. The I-213 Form alleged petitioner admitted to buying his brother a bus

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 1

ticket to the U.S.-Mexico border while aware his brother was wanted by law enforcement. Dkt. 1-2 at 5; Dkt. 8-2 at 3 (I-213 Form).

In denying bond, the IJ placed "significant weight" on petitioner allegedly assisting his brother. Dkt. 1-4 at 5; Dkt. 8-4 at 5 (IJ's Written Order).[1] The IJ also asserted petitioner had "limited forms of relief" available in his immigration proceedings. Dkt. 1-4 at 5; Dkt. 8-4 at 5.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4. For the reasons below, the Court finds the IJ abused her discretion when denying bond. Accordingly, the Court **GRANTS** the habeas petition and **ORDERS** respondents to release petitioner **within 24 hours** of the filing of this Order.

## I.     BACKGROUND

### A. Detention

Petitioner is a 71-year old citizen of Mexico and originally entered the United States in 1990. Dkt. 1 at 2, 6; Dkt. 10 at 2; Dkt. 8-2 at 4. Petitioner states he resided in Bellingham, Washington with his wife, and that he is the primary caretaker of his three adult U.S. citizen children. Dkt. 1 at 6. Two of his children have serious health conditions and require ongoing care. Dkt. 1 at 6.

Respondents' I-213 Form asserts the following timeline for petitioner's detention. Dkt. 1-2 at 5-6; Dkt. 8-2 at 3-4.

On May 14, 2025, respondents "identified [petitioner] while attempting to locate his brother . . ." Dkt. 1-2 at 5; Dkt. 8-2 at 3. Respondents' "Department of Homeland

---

[1] Respondents also submitted an approximately 13-minute recording of the bond hearing. *See* Dkt. 9. The evidence presented and the IJ's reasoning aligns with the written record before the Court.

Security (DHS) database queries" confirmed petitioner was a citizen of Mexico, and that he was pursuing various forms of immigration relief, including a pending form I-360 Petition for Amerasian Widow(er), or Special Immigrant, and a pending form I-485, Application to Register for Permanent Residence. Dkt. 1-2 at 5; Dkt. 8-2 at 3. "However, United States Citizen and Immigration Services (USCIS) intends to proceed with denying both applications." Dkt. 1-2 at 5; Dkt. 8-2 at 3.

On September 10, 2025, petitioner "made statements that he purchased a bus ticket to Calexico, CA for his brother . . . and acknowledged knowing that he was wanted by law enforcement." Dkt. 1-2 at 5; Dkt. 8-2 at 3. Petitioner's brother "is the subject of two nationwide full extradition warrants issued by Washington State and Colorado in connection with sex offenses" and he also has numerous prior convictions. Dkt. 1-2 at 5; Dkt. 8-2 at 3. Otherwise, the I-213 Form does not elaborate on the context of petitioner's alleged statements or how they were obtained by respondents.

On September 18, 2025, respondents detained petitioner at his residence. Dkt. 1-2 at 5-6; Dkt. 8-2 at 3-4.

**B. Bond Hearing**

In January 2026, the Honorable Tiffany M. Cartwright granted petitioner's previous habeas petition, and ordered respondents to either release him or provide him a bond hearing. *Archundia-Lopez v. Hermosillo*, No. 2:26-cv-00086-TMC, 2026 WL 114942, at *2 (W.D. Wash. Jan. 15, 2026).

For this bond hearing, respondents do not substantively dispute that petitioner is a member of the class certified within *Franco-Gonzalez v. Holder*, No. CV–10–02211 DMG (DTBx), 2014 WL 5475097, at *12 (C.D. Cal. Oct. 29, 2014) (defining the main

class as including those with "a serious mental disorder or defect that may render them incompetent to represent themselves . . ." and a sub-class for those "detained for more than six months"). *See, e.g.*, Dkt. 10 at 2-3. Accordingly, petitioner is entitled to appointed counsel, and at the bond hearing the government has the burden of proving petitioner was a flight risk and danger to the community by clear and convincing evidence. *Franco-Gonzalez*, 2014 WL 5475097, at *11-*12.

On April 15, 2026, petitioner received a bond hearing before an IJ. Dkt. 10 at 3. It is undisputed respondents' only evidence was the I-213 Form recounted above. *E.g.*, Dkt. 1-2 at 3. Petitioner's evidence included documents asserting family and community ties (such as birth certificates for his three U.S. citizen children, and letters of support from his pastor, fellow church members, and family friends), petitioner's employment history, records on the health conditions of petitioner's children, and a release plan. *E.g.*, Dkt. 1-3 at 3-5.

The IJ denied bond, finding petitioner was both a flight risk and a danger to the community. Dkts. 8-3, 9. The IJ memorialized her decision in a Written Order issued on May 1, 2026. Dkts. 1-4, 8-4. The IJ's Order cited petitioners "limited forms of relief" in his immigration proceedings, and claimed his family cannot convey any immigration status or benefit. Dkt. 1-4 at 5; Dkt. 8-4 at 5. As to petitioner's asylum claim, the IJ asserted petitioner's claim of a fear of returning to Mexico was delayed. Dkt. 1-4 at 5; Dkt. 8-4 at 5. And finally, the IJ placed "significant weight" to petitioner's alleged assistance to his brother, who was wanted by law enforcement for sex offenses. Dkt. 1-4 at 5; Dkt. 8-4 at 5.

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 4

## II.    DISCUSSION

Petitioner seeks release, arguing that his bond hearing violated the clear and convincing standard required by *Franco-Gonzalez* and due process under the Fifth Amendment. *E.g.*, Dkt. 1 at 17-18.

### A. Jurisdiction

Under 8 U.S.C. § 1226(e), the "Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *See, Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) ("In other words, custody determinations within the discretion of the Attorney General are not subject to judicial review.").

"That provision does not, however, preclude 'habeas jurisdiction over constitutional claims or questions of law.'" *Hernandez*, 872 F.3d at 987 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). "'[C]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" *Id.* (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), *abrogated on other grounds as stated in Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-11 (9th Cir. 2022)).

Here, petitioner is not "challenging the IJ's discretionary judgment, but is instead challenging 'whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled.'" *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026) (quoting *W.T.M. v. Bondi*, No. 2:25-CV-

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 5

02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026)). This Court thus has jurisdiction to hear petitioner's challenge of his bond hearing.

**B. Exhaustion**

As a preliminary matter, petitioner argues he should not be required to exhaust his administrative remedies before pursuing his habeas petition. *E.g.*, Dkt. 1 at 14.

"In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional." *Vazquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026).

"Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the 'deliberate bypass' of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review." *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"Nonetheless, even if the three Puga factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, the first *Puga* factor weighs against requiring prudential exhaustion. "[T]he facts in this case are undisputed and the actual issue is whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 6

posed a flight risk." *Soriano*, 830 F. Supp. 3d at 1079. "Thus, the BIA's 'expertise' in immigration bond decisions is unnecessary to generate a proper record or reach a proper decision." *Id*.

The second Puga factor is neutral on whether to require prudential exhaustion. "Although relaxation of prudential exhaustion could encourage . . . others to bypass the administrative appellate procedure . . . there also is some value in identifying specific circumstances under which, as a matter of law, a finding of flight risk is untenable." *Id.*

The third Puga factor weighs against requiring prudential exhaustion. "Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Id.* "Moreover, given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim." *Id.*

Even if the above *Puga* factors favored requiring exhaustion, waiver would still be appropriate under *Laing*. "Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'" *Scott v. Wamsley*, No. 2:25-cv-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)). Petitioner also "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025).

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 7

Respondents assert *Aden v. Nielsen*, No C18-1441-RSL, 2019 WL 5802013 (W.D. Wash. Nov. 7, 2019). Dkt. 7 at 5. However, *Aden* is distinguishable for reasons similar to those discussed in *Vasquez Lopez v. Hernandez*, 830 F Supp. 3d. 1097, 1101 (W.D. Wash. 2026).

The Court thus holds petitioner is not required to exhaust his administrative remedies before pursuing his habeas petition.

### C. Abuse of Discretion

Petitioner next argues the IJ abused her discretion by finding he was a flight risk and community danger and denying bond. Dkt. 1.

Immigration detention is civil, not criminal, and it "is permissible only to prevent flight or reduce the risk of danger to the community." *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1164 (C.D. Cal. 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690-691 (2001)).

"When questions require a close review of agency-found facts, like the 'dangerousness'" or flight risk "determination, we review for an abuse of discretion." Martinez *v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *Vasquez Lopez*, 830 F. Supp. 3d at 1100 (clarifying Martinez also applies to flight risk determinations).

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. Jan. 16, 2019). "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 8

adjudicator's conclusion." *Id.* "Second, it may be clear from the adjudicator's opinion itself that [they] simply did not apply the correct standard to the facts." *Id.*

Here, it is undisputed respondents had the burden of establishing petitioner was a danger to the community or a flight risk by clear and convincing evidence under *Franco-Gonzalez. See, e.g.*, Dkt. 10 at 2-3.

The clear and convincing evidence standard has been described as evidence that produces "a firm belief or conviction as to the truth of the allegations" in the mind of the factfinder, and evidence "so clear, direct and weighty and convincing" that it allows the finder of fact "to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cruzan by Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 285 n.11 (1990) (citation and quotation marks omitted). It has also been described as evidence that "could place in the ultimate factfinder an abiding conviction that the truth of [the proponent's] factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (citation omitted).

Here, it is undisputed respondents' only evidence was their I-213 Form. *E.g.*, Dkt. 1-2 at 3. Most pertinent here is the claim within the I-213 Form that eight days before petitioner's detention he "made statements that he purchased a bus ticket to Calexico, CA for his brother . . . and acknowledged knowing that he was wanted by law enforcement." Dkt. 1-2 at 5; Dkt. 8-2 at 3. Any further context for these statements, such as the reliability of this information, how it was obtained, or the identity or roles of the individuals involved, is not provided.

Courts have rejected reliance both on similar uncorroborated allegations and a petitioner's likelihood of receiving relief in immigration proceedings.

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 9

For example, in *Jennifer A.C. v. Chestnut* the Court held that "[a]lthough Petitioner's Notice to Appear and Form I-213 contain allegations that she attempted to aid or abet a noncitizen's entry into the United States in violation of law, there is nothing on the record showing those allegations were substantiated or that she was in fact found to have engaged in illegal activity." No. 1:26-cv-01581-TLN-CKD, 2026 WL 683044, at *2 (E.D. Cal. Mar. 11, 2026). And in *Sanchez Puentes v. Garite*, the Court rejected an argument that a petitioner was "'guilty by association'" due to his spouse's alleged gang affiliation. 780 F. Supp. 3d 682, 702-703 (W.D. Tex. Apr. 25, 2025). Respondents allegations in the I-213 Form fail as a matter of law to provide clear and convincing evidence petitioner is either a flight risk or danger to the community.

Additionally, the BIA authority cited in the IJ's Written Order appear focused on each petitioner's own criminal convictions or national security concerns. Dkt. 1-4 at 5; Dkt. 8-5 at 5. Here, respondents do not dispute petitioner's assertion that he has no criminal record.

As for petitioner's ability to secure relief in his immigration proceedings, this Court has rejected reliance on similar findings. *See, e.g., Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026); *see also Abdelmasseh v. Hermosillo*, No. C26-730-MLP, 2026 WL 1493322, at *2 (W.D. Wash. May 26, 2026). And, the IJ's Order fails to explain how the perceived viability of such relief would motivate petitioner's flight despite their community and family ties. *Id.*

The Court thus finds the IJ abused her discretion as the evidence was insufficient as a matter of law to find petitioner was a flight risk or danger to the community under the clear and convincing evidence standard required by *Franco-Gonzalez*.

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 10

**D. Remedy**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *Soriano*, 830 F Supp. 3d at 1081-82. Under the circumstances, the Court finds no basis for petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy. *Soriano*, 830 F. Supp. 3d at 1081-82 (citing W.T.M., 2026 WL 262583, at *5; Garcia v. Hyde, 817 F. Supp. 3d 112, 131, (D.R.I. Dec. 3, 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing")).

### III.    CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS**:

1) Respondents shall immediately release petitioner from immigration custody **within 24 hours** of the filing of this Order

2) Respondents shall release petitioner under reasonable conditions of release. These conditions also shall not include electronic monitoring, such as a GPS or ankle bracelet, absent sufficient due process and cause. *See Vazquez Lopez*, 830 F. Supp. 3d at 1103.

3) At the time of release, respondents shall return to petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents. *Id.*

4) Respondents shall file a certification with this Court confirming the date and time petitioner was released **within two business days** of the filing of this Order.

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 11

**5)** The Court will consider an appropriate post-judgment motion for attorney's fees.

Dated this 7th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR HABEAS
CORPUS - 12